UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

KURIAN CHACKO,

                              Petitioner,        OPINION AND ORDER

      -against-                                  96 Cr. 519 (JGK)
                                                 04 Civ. 2258 (JGK)
UNITED STATES OF AMERICA,

                              Respondent.

─────────────────────────────────────

JOHN G. KOELTL, District Judge:

      The petitioner, Kurian Chacko ("Chacko"), brings this

motion pursuant to Federal Rule of Criminal Procedure 35,

which is properly construed as a writ of error coram nobis

or another extraordinary writ.  The petitioner asks the

Court to modify or set aside a condition of his supervised

release that requires the petitioner to make payments on a

judgment entered against him in the civil proceeding, State

Bank of India v. Balogh, Inc., No. 96 Civ. 4416 (S.D.N.Y.

Oct. 19, 1995).  The petitioner's application is denied.

                              I.

      The facts of this case are detailed in the Court's

prior opinions, United States v. Chacko, No. 96 Cr. 519,

1997 WL 481862 (S.D.N.Y. Aug. 21, 1997), aff'd, 169 F.3d 140

(2d Cir. 1999) and Chacko v. United States, Nos. 96 Cr. 519

& 00 Civ. 405, 2000 WL 1808662 (S.D.N.Y. Dec. 11,

2000)(denying habeas corpus), <u>certificate of appealability</u> <u>denied</u>, No. 01-2130 (2d Cir. May 30, 2001). Familiarity with these opinions is assumed, and details are recounted here as necessary to decide the issues raised in the petitioner's current application.

In an October 17, 1995 Order, Chief Judge Mukasey entered a judgment against the petitioner in the amount of $5,000,000 plus interest of $685,138.05 at the conclusion of civil litigation between Chacko, his company Balogh, Inc., and the State Bank of India ("the Bank"). <u>See</u> <u>State Bank of</u> <u>India v. Balogh, Inc.</u>, No. 95 Civ. 4416 (S.D.N.Y. Oct. 19, 1995).

In a subsequent judgment filed on February 4, 1998, this Court sentenced the petitioner principally to a term of imprisonment of 121 months, in addition to a three-year term of supervised release. <u>See</u> <u>United States v. Chacko</u>, No. 96 Cr. 519 (S.D.N.Y. Feb. 4, 1998). As one of the special conditions of supervision, the Court ordered the petitioner to "pay 10% of his gross monthly income toward the payment of the judgment of $5,586,138.05 in favor of the State Bank of India entered by Chief Judge Mukasey until it is fully paid." (<u>See</u> <u>id.</u> at 5; <u>see</u> <u>also</u> Order dated Oct. 19, 2004, at 1.) The conviction was affirmed on appeal. <u>United</u> <u>States v. Chacko</u>, 169 F.3d 140 (2d Cir. 1999).

The petitioner filed a first petition pursuant to 28 U.S.C. § 2255, which was denied. Chacko v. United States, Nos. 96 Cr. 519 & 00 Civ. 405, 2000 WL 1808662 (S.D.N.Y. Dec. 11, 2000). The Court of Appeals denied the petitioner's motion for a certificate of appealability. Chacko v. United States, No. 01-2130 (2d Cir. May 30, 2001).

On January 12, 2004, the Court's Pro Se Office received the petitioner's first motion allegedly pursuant to Federal Rule of Criminal Procedure 35(a). (See Order dated Oct. 19, 2004, at 3.) In that motion, the petitioner challenged the calculations used to determine his sentence of imprisonment pursuant to the United States Sentencing Guidelines along with this Court's Order directing the petitioner to make monthly payments toward the judgment entered in the petitioner's civil case. As the Court explained in its Order dated October 19, 2004, the petitioner has repeatedly characterized these payments as a part of an "order of restitution," when these payments were in fact ordered as a special condition of Chacko's term of supervised release. (See id.) The Court did not enter an order of restitution.

Chief Judge Mukasey interpreted Chacko's self-styled Rule 35(a) motion as a second or successive habeas petition filed pursuant to Section 2255 and transferred it to the Court of Appeals for the Second Circuit. (See Chacko v.

3

<u>United States</u>, No. 04 Civ. 2258, Transfer Order (S.D.N.Y. Mar. 22, 2004).) The Court of Appeals subsequently denied Chacko's motion for leave to file a second Section 2255 petition to the extent that it challenged the determination of his sentence of imprisonment. (<u>See</u> <u>Chacko v. United States</u>, No. 04-1668 (2d Cir. May 24, 2004).) The Court of Appeals also appeared to adopt the petitioner's characterization of the payments to the Bank as an "order of restitution" as opposed to a condition of the petitioner's supervised release. The Court of Appeals noted that because challenges to orders of restitution are not cognizable under Section 2255, the Court of Appeals was not required to rule upon that portion of Chacko's motion and remanded the matter of restitution to this Court. (<u>Id.</u>; <u>see</u> <u>also</u> Order dated Oct. 19, 2004, at 4 & n.2.)

Upon remand from the Court of Appeals, the Court ordered Chacko to file a new civil action if he wished to proceed on a challenge to the Court's order that he make payments to the Bank. In response, Chacko filed an "Amended Motion" pursuant to Federal Rule of Criminal Procedure 35(a). In the Amended Motion, the petitioner again challenged both the calculation of his term of imprisonment and the Court's order regarding payments to the Bank. (<u>Id.</u> at 5.) The Court denied the petitioner's renewed objections

to the calculation of the length of his term of imprisonment
because it was identical to the motion already rejected by
the Court of Appeals.  (Id. at 6.)  The Court added that the
petitioner's objections to the alleged order of restitution
might be construed as a petition for a writ of error coram
nobis or as a petition for some other extraordinary writ.
(Id. at 7.)  Accordingly, the Court ordered the Government
to respond to the petitioner's Amended Motion, and
specifically requested that the Government address the issue
of whether the petitioner's Amended Motion was properly
construed as a petition for a writ of error coram nobis or
as a petition for some other extraordinary writ.  (Id. at
6.)

## II.

The Court of Appeals for the Second Circuit has
explained that the writ of error coram nobis is,

> not a substitute for appeal, and relief under the writ
> is strictly limited to those cases in which errors
> . . . of the most fundamental character have rendered
> the proceeding itself irregular and invalid.  United
> States v. Carter, 437 F.2d 444, 445 (5th Cir.) (per
> curiam) (citation and internal quotation marks
> omitted).  A district court may issue a writ of coram
> nobis pursuant to the All Writs Act, 28 USC § 1651(a),
> where "extraordinary circumstances are present."  Nicks
> v. United States, 955 F.2d 161, 167 (2d Cir. 1992).
> The proceedings leading to the petitioner's conviction
> are presumed to be correct, and "the burden rests on
> the accused to show otherwise."  United States v.
> Morgan, 346 U.S. 502, 512 (1954); Nicks, 955 F.2d at
> 167.  A petitioner seeking such relief must demonstrate

that (1) there are "circumstances compelling such action to achieve justice," id. at 167 (citation and internal quotation marks omitted), (2) "sound reasons exist [ ] for failure to seek appropriate earlier relief," Morgan, 346 U.S. at 512, and (3) the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Nicks, 955 F.2d at 167.

Foont v. United States, 93 F.3d 76, 78-79 (2d Cir. 1996). Moreover, the Supreme Court has instructed that although the writ of coram nobis survived the enactment of Section 2255, the writ is available only in truly extraordinary circumstances. See Morgan, 346 U.S. at 510-11.

After its decision in Foont, the Court of Appeals for the Second Circuit reviewed the denial of a Section 2255 petition filed by a prisoner who sought to challenge both his term of imprisonment and an order of restitution. See Kaminski v. United States, 339 F.3d 84, 85 (2d Cir. 2003). In Kaminski, the Court of Appeals considered, but did not determine, whether a petitioner can ever use an extraordinary writ to challenge a non-custodial aspect of a sentence, such as an order of restitution. Rather, the Court of Appeals noted that Section 2255 petitions extend only to claims relating to a prisoner's "custody" and that the minimum restitution payment schedule in that case did not amount to a restraint on liberty. Id. at 86-87.

As Judge Calabresi noted in <u>Kaminski</u>, in a discussion
that Chief Judge Walker and Judge Leval did not join, the
writ of error <u>coram</u> <u>nobis</u> "is an extraordinary remedy which
operates under rules that are more stringent than those
applicable to habeas," and is available only to address
"<u>fundamental</u> errors" in obtaining a conviction.  <u>Id.</u> at 90
(emphasis in original).  Judge Calabresi explained that the
possibility that incarcerated defendants could challenge
non-custodial aspects of their sentences through such
extraordinary writs would "create an elegant symmetry in the
availability of challenges to punishments."  <u>Id.</u> at 91.
Contrasting the restrictions on challenges on direct appeal
to either custodial or non-custodial punishments with the
restrictions imposed on collateral challenges, Judge
Calabresi observed that,

> When these collateral attacks go to something as
> inherently fundamental as restraints on freedom
> sufficient to  amount to "custody," the great writ,
> habeas, presumably lies.  When instead custody is not
> at stake, challenges can only be made through the use
> of extraordinary writs like coram nobis, which lie only
> if the challenged error is fundamental.  The fact that
> a petitioner seeks to challenge both custodial and non-
> custodial punishments at the same time neither expands
> nor contracts the scope of either habeas or the
> extraordinary writs.

<u>Id.</u>

Judge Calabresi also noted that the Court of Appeals for the
Seventh Circuit has approved such a use of the writ of error

coram nobis.  See id. at 89 (citing Barnickel v. United

States, 113 F.3d 704, 706 (7th Cir. 1997)).  The

prerequisite for this use of the writ is a showing of

extraordinary circumstances amounting to the existence of a

fundamental error.  See id.; see also Barnickel, 113 F.3d at

706 (noting that writ of error coram nobis can be used to

challenge order of restitution but that writ is not

available "to reach issues that could have been raised by

direct appeal . . . .")  Judge Calabresi made it clear in

Kaminski that he was not writing on behalf of the Court when

he noted that a writ of error coram nobis may be available

under appropriate circumstances.  See Kaminski, 229 F.3d at

89.

In this case, the petitioner is actually challenging a

monetary condition of his supervised release rather than an

order of restitution, but there is no basis to apply a

different set of principles to that condition from the rules

that apply to an order of restitution.  Accordingly, the

Court of Appeals has not yet resolved the issue raised by

the petitioner's current application, namely whether the

petitioner can use an extraordinary writ to challenge the

requirement of his supervised release that he pay the

judgment in the Bank of India case in accordance with the

specified payment schedule.

However, it is unnecessary to resolve the issue of whether the petitioner could successfully challenge that order or other non-custodial condition because "coram nobis can relieve an individual of the continuing noncustodial effects of a criminal conviction only when <u>fundamental</u> errors were made in obtaining that conviction."  <u>See</u> <u>id.</u> at 90 (citations omitted) (emphasis in original).

In this case, the petitioner could not make a showing that fundamental errors were made in obtaining his conviction, and he has not made this showing in his current application.  Rather, the petitioner misconstrues the condition of his supervised release as a requirement to pay the entire amount of the judgment without credits for any other money paid to the Bank to satisfy the judgment. However, the condition of supervised release expressly provides that the petitioner will pay 10% of his gross monthly income toward the judgment "until it is fully paid." Plainly, all money paid to satisfy the judgment would reduce the amount to be paid.  Accordingly, Chacko's request for a hearing to determine the total amount that he owes the Bank is denied in this criminal proceeding.  (<u>See</u> Amended Motion at 8.)  Once the civil judgment is fully paid, no further payments are required.

The petitioner also objects to the condition of supervised release that required his periodic payment of the Bank of India judgment because, he argues, the Court should have imposed an order of restitution rather than a condition of supervised release. The argument is without merit. First, the argument cannot be raised on this petition for coram nobis relief because it plainly could have been raised on direct appeal from the judgment of conviction which included the term of supervised release. See Barnickel, 113 F.3d at 706 (coram nobis cannot be used to raise issues that could have been raised on direct appeal). Moreover, the condition of supervised release was a wholly reasonable condition of supervised release that was "reasonably related" to the offenses of conviction. See 18 U.S.C. § 3583(d); United States v. A-Abras, Inc., 185 F.3d 26, 35 (2d Cir. 1999) ("conditions of supervised release need only be 'reasonably related' to the offense and the circumstances of the defendant.")

In his reply papers, the petitioner argues that the Court should modify the condition of his supervised release, pursuant to 18 U.S.C. § 3583(e)(2), because of payments that the Bank has received. The application is denied. The application was raised for the first time in the petitioner's reply brief and is not properly part of the

relief requested in this <u>coram</u> <u>nobis</u> petition.[1]  There is also no basis for the application.  While the Court does have the power to modify the conditions of supervised release in order to account for changed circumstances, <u>see</u> <u>United States v. Lussier</u>, 104 F.3d 32, 34 (2d Cir. 1997), the petitioner has failed to show any such circumstances. The petitioner has not even begun to serve his term of supervised release.  He has made no showing that the reasonable payment schedule for the judgment should be modified, and he has made no showing that the substantial judgment in favor of the Bank of India has been satisfied.

### III.

The petitioner submitted a February 11, 2005 letter that raised two new issues.

_____

[1]The Court has construed this application as a petition for <u>coram</u> <u>nobis</u> relief although it is still captioned as an "Amended Motion and Memorandum of Law in Support of Def. Chacko's Motion Pursuant to Rule 35(a) Fed. R. Crim. P. to Correct Obvious Arithmetical and Technical Errors of His Sentence."  Rule 35(a) relates to correcting a sentence that "resulted from arithmetical, technical or other clear error."  That is not the substance of the present motion.  A Rule 35(a) motion is also time-barred because it must be made within seven days after sentencing.

First, the petitioner asks for the return of his passports, which were allegedly turned over to the Government in May 1997, presumably as part of the conditions of the petitioner's pre-trial release.  That application was raised for the first time in supplemental papers and is not properly part of this <u>coram</u> <u>nobis</u> application.  By separate order the Court directed the Government to return the passports or show a continuing need for their retention.  By letter dated June 7, 1995, the Government reported that it is trying to determine the location of the petitioner's passport and that the most recent passport has expired.  It is unclear from the correspondence if there is more than one passport.  This application, as part of the <u>coram</u> <u>nobis</u> proceeding, is denied as moot.

Second, the petitioner alleges that his sentence was imposed pursuant to the Sentencing Guidelines and was in violation of the Supreme Court's decision finding the mandatory application of the Sentencing Guidelines to be unconstitutional.  <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  The claim is without merit because <u>Booker</u> is not retroactive to cases on collateral review.  <u>See</u> <u>Guzman v. United States</u>, No. 03-2446-PR, 2005 WL 803214 (2d Cir. Apr. 8, 2005).  However, this challenge to the petitioner's sentence is yet another challenge to the petitioner's custody, which is a successive petition pursuant to 28 U.S.C. § 2255 and must be referred to the Court of Appeals for a determination.

to the petitioner's sentence is yet another challenge to the petitioner's custody, which is a successive petition pursuant to 28 U.S.C. § 2255 and must be referred to the Court of Appeals for a determination whether it is consistent with the limitations on successive petitions for habeas corpus. 28 U.S.C. § 1631; Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam).

## CONCLUSION

For the reasons explained above, the petitioner's motion pursuant to Rule 35(a), construed as a writ of error coram nobis or other extraordinary relief, is **denied.** To the extent that the petitioner has raised a new argument based on Booker to vacate his sentence, the application is transferred to the Court of Appeals for the Second Circuit for a determination whether the petitioner should be permitted to file a successive motion pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

**Dated: New York, New York**
**June 8, 2005**

John G. Koeltl
United States District Judge

13